O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| CALVIN E. ALFORD, | ) | Case No. CV 07-04502-MLG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

### I. Factual and Procedural Background

Plaintiff Calvin E. Alford ("Plaintiff") seeks review of the Commissioner's final decision denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to Titles II and XVI of the Social Security Act. Plaintiff was born on October 26, 1959, has a high school education, and past relevant work experience as an order filler and janitor/food deliverer. (Administrative Record ("AR") at 11, 19-20). Plaintiff's date last insured ("DLI") for DIB was September 30, 2003. (AR at 14).

Plaintiff filed applications for DIB and SSI in October 2004. (AR at 79-84, 608-10). He alleges that he has been disabled since August 25, 2000, due to degenerative disc disease of the lumbosacral spine, status post laminectomy and fusion, a history of chronic lower back pain, and arthritis of the left knee. (Joint Stipulation at 2). The Social Security Administration denied Plaintiff's applications. (AR at 32-37, 602-07).

A *de novo* hearing was held before Administrative Law Judge Kevin M. McCormick (the "ALJ") on May 15, 2006, and continued to February 26, 2007. (AR at 611-62). Plaintiff testified in his own behalf and was represented by counsel. *Id.* In a decision issued on March 5, 2007, the ALJ determined that Plaintiff was not disabled and not entitled to DIB or SSI. (AR at 11-22). The ALJ found that Plaintiff: (1) has not engaged in substantial gainful activity since his alleged onset date of disability (step 1); (2) suffers from degenerative disc disease of the lumbosacral spine (status post laminectomy and fusion), a history of chronic lower back pain, and mild arthritis of the left knee (step 2); (3) does not have any impairments that meet or equal a Listed impairment (step 3); (4) has the residual functional capacity ("RFC") to perform a range of light work;[1] (5) is unable to perform his past relevant work as an order filler and janitor/deliverer (step 4); and (5) is able to perform other work that exists in significant numbers in the economy, including work as a packing line worker, counter clerk, and cashier II.

---

[1] Specifically, the ALJ found that Plaintiff is able to: lift and/or carry 10 pounds frequently and 20 pounds occasionally; stand and/or walk six hours in an eight-hour workday with normal breaks; sit without restriction; push and pull 10 pounds frequently and 20 pounds occasionally; and occasionally balance, kneel, crouch, crawl, and stoop. (AR at 15). The ALJ further found that Plaintiff is precluded from climbing. (AR at 15).

(AR at 20-21).

On May 23, 2007, the Appeals Council denied review. (AR at 4-6). Plaintiff then commenced this action for judicial review.

The parties filed a Joint Stipulation of disputed issues on March 20, 2008. Plaintiff raises the following arguments:

1. The ALJ failed to properly consider the treating physician's opinions of disability.
2. The ALJ failed to properly consider the type, dosages, effectiveness, and side effects of Plaintiff's medication.
3. The ALJ failed to pose a complete hypothetical question to the vocational expert.

Plaintiff seeks remand for a payment of benefits or, in the alternative, remand for a new administrative hearing and further development of the record. (Joint Stipulation at 11). The Commissioner requests that the ALJ's decision be affirmed. (Joint Stipulation at 12). The Joint Stipulation has been taken under submission without oral argument.

**II.  Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401; *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). It is more

than a scintilla, but less than a preponderance. *Reddick*, 157 F.3d at 720. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Id.* "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. *Id.* at 720-721.

**III. Discussion**

    **A. Plaintiff's Subjective Complaints of Side Effects from Medication**

Plaintiff contends that the ALJ failed to give proper consideration to Plaintiff's claims of side effects from his medication. The Court agrees with Plaintiff.

"The ALJ must consider *all* factors that might have a 'significant impact on an individual's ability to work.'" *Erickson v. Shalala*, 9 F.3d 813, 817 (9th Cir. 1993) (quoting *Varney v. Secretary of Health & Human Services*, 846 F.2d 581, 585 (9th Cir. 1987), *relief modified*, 859 F.2d 1396 (1988)). Such factors "may include side effects of medications as well as subjective evidence of pain." *Erickson*, 9 F.3d at 818; *Varney*, 846 F.3d at 585 ("[S]ide effects can be a 'highly idiosyncratic phenomenon' and a claimant's testimony as to their limiting effects should not be trivialized.") (citation omitted). When an ALJ disregards a "claimant's testimony as to the subjective limitations of side effects, the ALJ must support that decision with specific findings similar to those required for excess pain testimony, as long as the side effects are in fact associated with the claimant's

medications." *Varney*, 846 F.2d at 585; *see generally Erickson*, 9 F.3d at 818.

In this case, Plaintiff reported that he suffers from nausea, vomiting, constipation, light headedness, dizziness, drowsiness, and flushing vision, as side effects from taking Vicodin[2] every four hours (AR at 99). At the hearing, Plaintiff testified that his pain medications ("Narco, Ibuprofen and Ibium" [sic]) make him feel groggy and sometimes upset his stomach. (AR at 624-25).

The ALJ recognized that Plaintiff's impairments would reasonably be expected to cause some limitations, but concluded that Plaintiff's allegations concerning his symptoms and their impact on his ability to work were not entirely credible. (AR at 18-19). The ALJ did not make any specific findings as to Plaintiff's alleged side effects in his decision. Instead, the ALJ gave the following reasons in support of an adverse credibility determination: (1) there was a lack of objective medical evidence to substantiate Plaintiff's claims; (2) Plaintiff was able to sit through the entire hearing despite claims that he needs to alternate sitting and standing; (3) Plaintiff received "very little treatment;" (4) Plaintiff did not use any assistive devices; (5) Plaintiff's muscular development was consistent with regular physical activity; and (6) there was no evidence that Plaintiff made any effort to return to work even though his Worker's Compensation doctor found that he was capable of "light" work and recommended that he undergo vocational rehabilitation. (AR at 18-19). The ALJ's stated reasons do not provide an adequate basis for rejecting Plaintiff's subjective

---

[2] Vicodin is a narcotic analgesic with effects similar to codeine, and is indicated for relief of moderate to moderately severe pain. Physician's Desk Reference at 1486-87 (52nd ed. 1999).

complaints.

First, a claimant who is alleging extreme pain and other subjective symptoms is *not* required to produce objective medical evidence of the symptom's existence or severity, or of the causal relationship between the impairment and the symptom; nor is the claimant required to show that the impairment could reasonably be expected to cause the *severity* of the symptom alleged. *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996); *see also Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (*en banc*). Rather, a claimant is only required to show that his impairment could reasonably have caused *some degree* of the symptom. *Smolen*, 80 F.3d at 1282. Because Plaintiff produced objective medical evidence of underlying impairments which could reasonably be expected to produce some degree of pain and there was no evidence of malingering, the ALJ was required to offer specific, clear and convincing reasons before rejecting Plaintiff's subjective symptom testimony. *Smolen*, 80 F.3d at 1281.

The ALJ's reliance on his own observations of Plaintiff at the hearing is not a specific, clear or convincing reason for rejecting Plaintiff's complaints. *See Fair v. Bowen*, 885 F.2d 597, 602 (9th Cir. 1989) (explaining that an ALJ may not rely on his own observations of the claimant at the hearing as the sole reason for rejecting the claimant's complaints); *Perminter v. Heckler*, 765 F.2d 870, 872 (9th Cir. 1985) (condemning consideration of an ALJ's personal observations of the claimant, not based on medical evidence, as "sit and squirm" jurisprudence); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984) ("[t]he fact that a claimant does not exhibit physical manifestations of prolonged pain at the hearing provides little, if any, support for the ALJ's ultimate conclusion that the claimant is not disabled or that his

allegations of constant pain are not credible").

The ALJ's finding that Plaintiff had "very little treatment" is contradicted by the record. (AR at 153-581). In August 2000, Plaintiff injured his lower back while moving some heavy containers at work. (AR at 418-19). An MRI of Plaintiff's lumbar spine revealed a 3 millimeter disc protrusion at L5-S1 and a 2 to 3 millimeter disc protrusion at L4-5, with bilateral moderate neural foramina narrowing at those levels. (AR at 419). In conjunction with his Worker's Compensation case, Plaintiff received various treatments, including numerous lumbar epidural steroid injections, intradiscal electrothermal therapy procedures (IDETs), acupuncture, and physical therapy. (AR at 419-20). In January 2003, Plaintiff underwent a decompression laminectomy and discectomy at L4-5 and L5-S1, bilateral. (AR at 420). Due to persistent pain, Plaintiff continued to receive steroid shots to the lower back. (AR at 421). By June 2004, Plaintiff's physician recommended a second surgery on his lower back. (AR at 315). Plaintiff declined the second surgery, opting instead to take Vicodin for his ongoing pain. (AR at 315). In August 2004, Plaintiff received a permanent and stationary report from his primary physician, Homer L. Williams, M.D. (AR at 418-26). Dr. Williams diagnosed Plaintiff with chronic musculoligamentous sprain and strain of the lumbar spine and status post lumbar spine fusion L4-5 and L5-S1. (AR at 423). Dr. Williams concluded that these impairments limited Plaintiff to "light" work. (AR at 423). After Dr. Williams issued the permanent and stationary report, Plaintiff settled his Worker's Compensation lawsuit, which closed out his coverage for medical treatment. (AR at 18, 642). Thus, the record shows that Plaintiff received significant treatment from his alleged onset date through at least August 2004. While

1  Plaintiff's medical treatment did drop off in 2005, he continued to take
2  Vicodin and other medications for pain.  (AR at 99, 592, 624-25).  And,
3  in February 2006, after being informed about a Riverside County program
4  for indigent adults, Plaintiff began receiving medical treatment at the
5  Arrowhead Regional Medical Center.  (AR at 583-89, 643-44).

6  Next, the ALJ erred by citing Plaintiff's muscular development and
7  lack of an assistive device as reasons for discrediting his testimony.
8  (AR at 19).  As noted above, although the ALJ has discretion to evaluate
9  the credibility of a claimant and arrive at an independent judgment
10 regarding the true extent of the pain alleged, it is improper for an ALJ
11 to reject a claimant's allegations of disabling pain on the ground that
12 objective, clinical findings do not establish a cause for such intense
13 pain.  *Smolen*, 80 F.3d at 1282; *see* 20 C.F.R. § 404.1529(c)(2) ("we will
14 not reject your statements about the intensity and persistence of your
15 pain or other symptoms or about the effect your symptoms have on your
16 ability to work solely because the available objective medical evidence
17 does not substantiate your statements"), 20 C.F.R. § 416.929(c)(2)
18 (same).

19 Finally, although Plaintiff's doctor recommended vocational
20 rehabilitation, Plaintiff's failure to look for a job does not indicate
21 that Plaintiff did not provide a truthful account of his symptoms.
22 Rather, the fact that Plaintiff did not make any effort to return to
23 work actually tends to support Plaintiff's allegations of disability.

24 Accordingly, the ALJ's credibility determination is not supported
25 by substantial evidence and the ALJ erred by not considering the side

8

effects of Plaintiff's medications.[3]

### IV. Conclusion

This case must be reversed and remanded so that the ALJ can further evaluate the medical evidence and make appropriate findings. *See Bunnell*, 336 F.3d at 1112.

### ORDER

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence.

Accordingly, it is **ORDERED** that this case be remanded to the Commissioner for further proceedings consistent with this opinion.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED:   April 15, 2008

_____
MARC L. GOLDMAN
United States Magistrate Judge

---

[3] As noted above, Plaintiff raises other challenges to the ALJ's decision in the Joint Stipulation. Because the ALJ failed to adequately address Plaintiff's subjective complaints, and the record is not sufficiently developed to support a determination of disability without further proceedings, the Court will not decide whether the remaining issues raised by Plaintiff would independently require reversal. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003) (where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate). However, the Court suggests that the ALJ consider all of Plaintiff's arguments when determining the merits of his case on remand.